IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ATRISCO HERITAGE FOUNDATION,

    Plaintiff,

v.                              Case No. 1:20-cv-00285 KWR-KRS

NEW MEXICO COMMISSION
FOR COMMUNITY VOLUNTEERISM,
and SAMUEL SOKOLOVE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on an Order to Show cause, filed July 7, 2020 (**Doc. 4**). Plaintiff failed to file a response to the order to show cause as directed. For the reasons below, the Court will dismiss this case without prejudice.

### BACKGROUND

    On March 30, 2020 Plaintiff filed a complaint raising various breach of contract and Section 1983 constitutional claims stemming from the termination of a contract.

    On July 7, 2020, the Court issued an order to show cause noting that Plaintiff had taken no action since the complaint was filed. **Doc. 4.** The OSC also noted that under Fed. R. Civ. P. 4(m) Plaintiff was required to serve the defendants within ninety days from the filing of the complaint and that Plaintiff failed to comply with this requirement. The Court noted that the record reflected no activity on Plaintiff's part and the Court could dismiss the action for failure to prosecute. The Court directed Plaintiff to show cause by July 20, 2020 why the case should not be dismissed for failure to prosecute or serve the Defendants. Plaintiff did not file a response.

**DISCUSSION**

**A.      Failure to Prosecute.**

Fed. R. Civ. P. 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with ... a court order."   Fed. R. Civ. P. 41(b).   The Court may also dismiss actions *sua sponte* for failure to prosecute.   *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (Rule 41(b) has long been construed to let courts dismiss actions sua sponte when plaintiff fails to prosecute or comply with orders); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when prolonged and unexcused delay by plaintiff).   If the dismissal is without prejudice, "a district court may, without abusing its discretion, enter … [a dismissal order] without attention to any particular procedures."   *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).   If the dismissal is with prejudice, or if the statute of limitations has expired on the dismissed claims, courts must consider certain criteria including prejudice, culpability, and advance warnings.   *Id.* (collecting cases).   Here, the Court issued an order to show cause why the case should not be dismissed without prejudice for failure to prosecute or serve the complaint, but Plaintiff did not respond.

Dismissal without prejudice is an option here because it appears that Plaintiff's claims would not be time-barred if filed anew.   Defendant did not response to the order to show cause to indicate there is a statute of limitations issue that should preclude dismissal without prejudice. Moreover, a statute of limitations issue is not apparent from the face of the complaint.

Section § 1983 violations occurring in New Mexico are governed by the three-year

2

personal injury statute of limitations contained in N.M.S.A. § 37-1-8 (1978).   *See Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose.").   Moreover, contract claims in New Mexico generally have a six-year statute of limitations period.   N.M.S.A. § 37-1-3 (six years for written contract); N.M.S.A. § 37-1-4 (four years for oral contract, injuries to property, conversion). Plaintiff also seeks to enjoin a 2018 state court case, *New Mexico Department of Workforce Solutions v. the Atrisco Heritage Foundation*, Second Judicial District court, No. D-202-cv-2018-05054.

The complaint indicates that the defendants terminated the contract on August 8, 2017. **Doc. 1 ¶ 63.**   The Court notes that the complaint also alleges that subsequent actions also constituted a breach of contract.   **Doc. 1 ¶ 94.**   Therefore, it appears from the face of the complaint that the statute of limitations has not yet expired.   Alternatively, the Court notes that Plaintiff did not file a response alerting the Court to any statute of limitations issue that it should consider prior to dismissing the complaint.   To the extent another statute of limitations or operative date applies, Plaintiff has not brought this to the Court's attention.

The Court finds dismissal without prejudice is appropriate under the circumstances. Plaintiff filed its complaint on March 31, 2020 but has taken no action since.   It has not served its complaint as required under Rule 4(m).   The Court issued an OSC directing Plaintiff to file a response and it failed to do so.   Given that no statute of limitation issues appears on the face of the complaint and Plaintiff has not alerted the Court to one, the Court finds that dismissal of this civil action without prejudice is an appropriate consequence for Plaintiff's lack of action.

**B.      Failure to Serve Complaint Pursuant to Rule 4(m).**

Alternatively, the Court notes that Plaintiff failed to serve the complaint as required

pursuant to Fed. R. Civ. P. 4(m).   Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--
> on motion or on its own after notice to the plaintiff--must dismiss the action without
> prejudice against that defendant or order that service be made within a specified
> time. But if the plaintiff shows good cause for the failure, the court must extend the
> time for service for an appropriate period.

Fed. R. Civ. P. 4.   Here, Plaintiff failed to respond to the OSC or show good cause for the failure

to serve the complaint.   Exercising its discretion, the Court will dismiss this action without

prejudice instead of granting an extension of time to serve.

**IT IS THEREFORE ORDERED** that Plaintiff's civil action is **DISMISSED**

**WITHOUT PREJUDICE** to refiling a new case pursuant to Fed. R. Civ. P. 41(b) and/or Fed. R.

Civ. P. 4(m); and the Court will enter a separate judgment disposing of this civil case.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

4